FILED

2013 APR 16  AM 10: 16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISON LLC, ) | CASE NO. CV 13-2248 UA (DUTYx) |
| Plaintiff, ) | ORDER SUMMARILY REMANDING |
| v. ) | IMPROPERLY REMOVED ACTION |
| ) | |
| SOLEDAD AVILA, et al., ) | |
| ) | |
| Defendants. ) | |

The Court remands this unlawful detainer action to state court summarily because it was improperly removed and this Court lacks subject matter jurisdiction.

On March 28, 2013, Defendant Soledad Avila lodged a Notice of Removal ("Notice"), seeking to remove to this Court what appears to be a routine California state court unlawful detainer action.  [See Attachment to Notice.]  Together with the removal notice, Defendant presented an application to proceed without prepayment of the filing fee.  The Court has denied the latter application in a separate order because the action was not properly removed.  To prevent the action from

1

1  remaining in jurisdictional limbo, the Court now issues this order to
2  remand the action to state court on the following grounds.[1]

3       Plaintiff Daison LLC could not have brought this action in federal
4  court in the first instance, in that no basis for original federal
5  jurisdiction appears from the complaint, and the Notice of Removal does
6  not competently allege facts supporting either diversity or federal-
7  question jurisdiction.  Removal, therefore, is improper.  See 28 U.S.C.
8  § 1441(a); Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546,
9  563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).  Specifically,
10 citizenship of the parties is unclear from the pleadings, and even if
11 complete diversity of citizenship exists, the amount in controversy does
12 not exceed the jurisdictional threshold of $75,000. [See Attachment to
13 Notice at 5 (Complaint for Unlawful Detainer, alleging that amount
14 demanded does not exceed $10,000).]  Additionally, Defendant could not
15 properly remove the action on the basis of diversity jurisdiction in any
16 event, because he resides in California, the forum state. See 28 U.S.C.
17 § 1441(b).

18      Nor does Plaintiff's unlawful detainer action raise any federal
19 legal question.  See 28 U.S.C. §§ 1331, 1441(b).  In his removal notice,
20 Defendant fails to assert any violation of federal law.[2]  But it would

21

22      [1]  In addition to the defects discussed below, the Court notes
   that Plaintiff filed his Notice of Removal in the incorrect district.
23 The unlawful detainer action was filed in San Diego superior court.
   [See Attachment to Notice.]  San Diego County is part of the Southern
24 District of California, not the Central District.  See 28 U.S.C. §
   84(c),(d).  As such, the Notice should not have been filed in this
25 Court, but rather in the Southern District.  See 28 U.S.C. § 1441(a).
   In light of the absence of federal jurisdiction in any event, transfer
26 of the action to the Southern District would be futile.

27      [2]  In the Notice, Plaintiff appears to be arguing that removal is
   proper for the following reasons: 1) he was not given proper notice
28 before his property was sold; 2) the state unlawful detainer action

1  be immaterial even if Defendant were raising a federal defense or
2  counterclaim. "For better or for worse . . . a defendant may not remove
3  a case to federal court" on the basis of federal-question jurisdiction
4  "unless the plaintiff's complaint establishes that the case 'arises
5  under' federal law." Franchise Tax Bd. v. Const. Laborers Vacation
6  Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

7         Accordingly, this matter is **remanded** to the Superior Court of
8  California for the County of San Diego, for lack of subject matter
9  jurisdiction pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to
10 send a certified copy of this order to the state court and to serve
11 copies of this order on the parties.

13 **IT IS SO ORDERED.**

15 DATED: _____4/10_____, 2013

18                          _____
19                          GEORGE H. KING
                            CHIEF UNITED STATES DISTRICT JUDGE

27 should be stayed pending a class action lawsuit in Washington D.C.;
   and 3) a separate federal lawsuit has been filed based on the same
28 facts of the state unlawful detainer action. Plaintiff, however,
   fails to raise any federal legal question.

3